■ McCURDY & CARDINALE COLOR CORP., Respondent, v WILLIAM RAND, INC., Appellant. — Judgment, Supreme Court, New York County (Grossman, J.), entered on April 3, 1981, affirmed for the reasons stated by Grossman, J., at Trial Term. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur — Ross, J. P., Carro, Silverman and Bloom, JJ.

Milonas, J., dissents in a memorandum as follows: I would reverse and grant a new trial. This is an appeal from a judgment, entered on April 3, 1981, in the Supreme Court, New York County (Grossman, J.), in favor of the tenant, a photographic laboratory, McCurdy & Cardinale Color Corp., respondent here, which had sought to exercise an option to renew its lease. The landlord, William Rand, Inc., contended that McCurdy had not acted in a timely manner since it did not give notice by January 2, 1980 of its intention to renew. According to the agreement, if the tenant wished to exercise the option, he was to so inform the landlord in writing and by registered mail not later than 90 days prior to the termination of the lease. As a result of a failure by McCurdy and its attorney to timely advise the proper party (the building in question having changed ownership in 1978, notice to Rand being mailed on January 9, 1980 and, according to appellant, received on January 14, 1980), the landlord thereupon communicated with respondent's attorney, by letter dated January 23, 1980, the fact that the lease was not being extended. After a nonjury trial, the court, in providing equitable relief to plaintiff, held that McCurdy had expended substantial sums of money to renovate the premises and to purchase and install heavy equipment for its business, that McCurdy would be severely damaged by the loss of its leasehold, that there was no proof that the defendant would be substantially prejudiced by plaintiff's exercise of the option, and that the delay was due merely to inadvertence and mistake. However, the evidence admitted at the trial does not support these conclusions. In *J. N. A. Realty v Cross Bay Chelsea* (42 NY2d 392), the Court of Appeals considered whether a tenant would be entitled to equitable relief from the consequences of his own neglect in failing to exercise on time an option to renew a lease. The court noted that while there are cases denying relief to a tenant or mortgagor because of his own neglect, this is only where no penalty or forfeiture is involved, such as significant improvements on the premises and customer goodwill due to loss of location. Another factor to be weighed is the prejudice, if any, to the landlord in not enforcing literally the terms of the contract. Although the Trial Judge found substantial improvements to have been made by plaintiff, he disallowed most of the evidence relating to this matter and repeatedly stated that he perceived no relevancy in this line of questioning. When plaintiff's accountant was called to testify concerning McCurdy's depreciation schedule for leasehold improvements, the court first permitted him to be questioned as to his client's corporate income taxes, but eventually termi-

nated this line of inquiry by remarking: "I can't allow testimony at this point that's not relevant. I see no relevancy." Ultimately, the accountant's entire testimony was disallowed. There was also an attempt by plaintiff to introduce photographs of McCurdy's premises for the purpose of showing the machinery and fixtures which it had installed. Here, too, the court declared: "Again, I don't see the relevancy. The fact that you had machines that may be heavy and difficult to move doesn't renew a lease." He then asserted: "There is only one issue, the renewal of a lease, whether your being late can be excused on an equitable basis, but the fact that you had heavy machinery there is not an excuse. I don't go weighing the machines to determine whether equitable principles apply". Whereupon counsel endeavored to explain that "in order for equity to prevail here I believe that we would have to show that there would be some prejudice to our client that there would be a forfeiture of sorts." The court's response was: "The machinery doesn't help that. It's presumed he used it for business purposes and photo printing requires machinery." Finally, at the insistence of counsel and without objection from Rand, the pictures were marked into evidence. However, plaintiff's testimony as to what the photographs depicted and how much money was spent for machinery and improvements was excluded. "THE COURT: All right. I am going to strike it on that ground [the equipment was not included in the bill of particulars] and also on the ground I don't deem it relevant to the issue in this case, which is a simple one, as to whether the Court will apply equitable principles to excuse the failure of the plaintiff to renew the lease exactly on time. Whether he's got a lot of equipment or a little bit of equipment there does not make the — will not change the Court's mind on applying equitable principles. So, therefore, I deem that testimony to be useless and not relevant." On yet another occasion, the Judge stated that a few more pieces of machinery wouldn't excuse the failure to renew on time. When the issue of renovations and funds expended came up again, the court's reaction was predictable. The court noted: "I don't think that's the crux of the case either." Further, what little evidence was not stricken in regard to the value of renovations and/or machinery, never distinguishes between capital improvements made to a leasehold, which become part of the permanent fixtures of the premises, and machinery which can simply be moved to a new location. As to the court's finding that plaintiff would be harmed by the loss of its leasehold, the only proof of this is the unsupported assertion by Cardinale, president of McCurdy, that his two major customers are located within a two-block area of his business. Although the witness immediately thereafter observed that these clients represent only 30 to 35% of his total business, the court deemed the evidence sufficient for it to determine that plaintiff, which had occupied its current premises for three years, had a special interest in this particular site over another. In my view, the court below committed reversible error in excluding pertinent evidence, in not properly applying the appropriate legal standards, and in reaching conclusions unsupported by the evidence. Thus, the judgment appealed from should be reversed and a new trial granted.